IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HITESH PATEL and PALAK PATEL, ) | |
| ) | |
| Plaintiffs, ) | NO. 3:20-cv-00308 |
| ) | JUDGE RICHARDSON |
| v. ) | |
| ) | |
| MUHIDIN ADEMOVIC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **ORDER**

Plaintiffs in this matter have filed a "Stipulation of Dismissal." (Doc. No. 32, "Dismissal Motion"), which is signed only by counsel for Plaintiffs. Plaintiffs suggest that the Dismissal Motion is a stipulation filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), but that provision for a *stipulation* of dismissal is inapplicable.[1]

Additionally, the Sixth Circuit has indicated that dismissal of a claim, rather than of an entire action, is more proper pursuant to Fed. R. Civ. P. 21. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Dix v. Atos IT Sols. & Servs., Inc.*, No. 1:18-CV-275, 2020 WL 6064646, at *1 (S.D. Ohio Mar. 17, 2020) ("Rule 41 provides only for dismissal of 'actions,' not

---

[1] Rule 41(a)(1)(A)(ii) applies only when *all* Defendants have signed the stipulation, which is not the case here, where none of the three Defendants signed the filing.
   And though Plaintiffs do not purport to bring the Dismissal Motion pursuant to Rule 41(a)(1)(A)(i), the Court will explain why this provision would also be inapplicable in an effort to provide clarification on what seems to be a confusing procedural vehicle. Rule 41(a)(1)(A)(i) only applies when "the opposing party" has not yet filed an answer or a motion for summary judgment, which courts have suggested means (in cases involving multiple defendant) only when *no* defendant has filed an answer or a motion for summary judgment. *See,* e.g.*, Turner v. Cohen*, No. CV 11-3532 MWF (FFM), 2013 WL 12473616, at *1 n. 1 (C.D. Cal. Apr. 23, 2013) ("Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, no defendant having filed an answer or a motion for summary judgement, plaintiff's request to dismiss [two out of the four defendants] effected their dismissal without a court order"), *report and recommendation adopted*, No. CV 11-3532 MWF (FFM), 2013 WL 12473615 (C.D. Cal. July 1, 2013).

'claims.' . . . The correct procedural vehicle for removing individual 'claims' from a larger 'action' is Rule 21.").

Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases). This distinction between Rules 41 and 21 is not meaningless. *Id.* at 465. First, dropping less than the entirety of an action risks prejudice to the other parties. And, secondly, this is a federal court, where the rules matter. *Id.* In other words, "the procedural vehicle makes a difference." *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *4 (E.D. Ky. Aug. 24, 2012).

For these reasons, the Court will construe the Dismissal Motion as a motion under Rule 21 to drop a claim, and the Court must make an independent determination that dropping this claim is appropriate. Here, the Court has little difficulty concluding that the interests of justice support dropping the claim as requested, given both its potential for increasing judicial efficiency in resolving this dispute and the absence of any objection.

Because the Dismissal Motion indicates that the claim for "[p]unitive damages in an amount commensurate with the conduct of the Defendants" (Doc. No. 1-1 at 5) be dismissed with prejudice, Plaintiffs' claim for "punitive damages" is hereby **DISMISSED with prejudice**.

IT IS SO ORDERED

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE